UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOYCE W.,

       Plaintiff,

       v.                                                                        Case No. 2:18-cv-104-JVB-JEM

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

       Defendant.

**OPINION AND ORDER**

Plaintiff Joyce W. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's ("ALJ's") decision.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled on June 6, 2014. (R. at 16.) She also applied for Supplemental Security Income benefits. (*Id*.) Plaintiff alleged to suffer from joint disease, degenerative disk disease, seizure disorder, diabetes mellitus, obesity, and depression. (R. at 19.) While the ALJ found that Plaintiff suffered from severe impairments, (*Id*.) she concluded that Plaintiff could perform past work as a receptionist, personnel clerk, and data entry clerk. (R. at 31.) Therefore, the ALJ denied benefits. (R. at 32.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 7.)

**B.    Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**C.    Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.    Analysis**

Plaintiff argues that the ALJ erred in denying her disability benefits for the following reasons: (1) the ALJ did not explain her Residual Functional Capacity ("RFC") finding that Plaintiff can sit for six hours in an eight-hour workday; (2) the ALJ improperly found that

Plaintiff's functional deficits were unsupported by the objective medical evidence; (3) the ALJ improperly determined that Plaintiff's seizures were the result of an overuse of pain medication; (4) the ALJ did not properly evaluate Plaintiff's mental impairments; (5) the ALJ did not properly evaluate the opinions of Plaintiff's treating physicians; and (6) the ALJ did not properly evaluate Plaintiff's symptoms. (Pl. Br. at 9–25.) None of these arguments present reversible error. Accordingly, the decision of the ALJ is affirmed.

**(1)  The ALJ Sufficiently Explained Her Finding That Plaintiff Can Sit for Six Hours in an Eight-Hour Workday.**

Plaintiff complains that the RFC assessment was not supported by substantial evidence because the ALJ failed to explain "why she did not accept [Plaintiff]'s sitting limitations as consistent with the evidence." (Pl. Br. 9–10) Additionally, Plaintiff contends that the ALJ did not "establish an accurate and logical bridge" because she did not address limitations brought on by Plaintiff's obesity and degenerative disk disease in the RFC assessment. (*Id*.) This argument fails on both counts.

The ALJ supported her RFC finding with substantial evidence. Substantial evidence may include (among other factors) diagnostic imaging, physical examinations, physician opinions, and one's daily activities. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). The ALJ used these factors when rejecting Plaintiff's claim of sitting limitations. First, she noted that various MRI and CT scans "fail[ed] to support the claimant's alleged functional deficits" because they showed "no cord compression or nerve root impingement." (R. at 20.) Second, the ALJ pointed to physical examinations in August 2016 and September 2016 which indicated that "[Plaintiff] had normal range of motion, muscle tone … and no evidence of edema or tenderness." (R. at 21.) Third, the ALJ referenced Dr. Shukairy's opinion that Plaintiff avoid

surgery and instead "manage [symptoms] with medication." (*Id.*) Finally, the ALJ placed weight on the fact that Plaintiff was able to drive, visited her mother four times a week, and "engage[d] in … a wide variety of activities." (R. at 29.) Plaintiff does not contend that the ALJ unreasonably favored any of the above elements. Instead, she insists that this Court should remand on the basis of a different interpretation of the evidence. However, "[w]here substantial evidence supports the ALJ's disability determination, [the Court] must affirm the decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *Burmester*, 920 F.3d at 510 (*citing Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008.)). Given that the ALJ provided reasonable support for the RFC assessment, this Court cannot reverse because it may view the evidence differently.

The ALJ established an accurate and logical bridge between the evidence and the conclusion. In making this connection, the ALJ must address the plaintiff's evidence and go beyond "the evidence that favors [the ALJ's] ultimate conclusion." *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1984). Even if the record could support the ALJ's conclusion, courts will remand if the ALJ appeared not to consider all the relevant evidence. *Cf. Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("Had [the ALJ] considered [the entire record] carefully, she might well have reached a different conclusion."). Plaintiff's own brief disproves this claim. She states that "[t]he ALJ acknowledged her alleged sitting limitations." (Pl. Br. at 10.) Indeed, the ALJ specifically analyzed the effects of Plaintiff's obesity and degenerative disk disease on her ability to sit. (R. at 26–28.) While the ALJ agreed with Plaintiff as a matter of principle regarding these impairments, she disagreed with the degree to which this restricted Plaintiff's actions. Specifically, the ALJ indicated that Plaintiff's obesity "reasonably would restrict her from performing heavy lifting or from remaining on her feet throughout a workday." (R. at 28.)

Similarly, the ALJ found that degenerative disk disease did not account for functional deficits because a physical examination of Plaintiff revealed normal range of motion. (R. at 27.) In arguing there is no accurate and logical bridge between the evidence and conclusion, Plaintiff does not provide examples of evidence from the record that the ALJ impermissibly ignored. *See Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (ALJ ignored doctor testimony that patient was not addicted to narcotic medication). Instead, she generalizes the effects of obesity on the basis of fact-specific findings of previous cases. (Pl. Br. at 10.) This is another veiled attempt to have this Court reweigh the evidence presented to the ALJ. As the ALJ articulated a logical bridge and supported her findings with substantial evidence, this argument does not present reversible error.

**(2)     The ALJ Properly Concluded That Plaintiff Failed to Demonstrate Functional Deficits.**

Plaintiff contends that the ALJ erred in finding that Plaintiff's functional deficits were not as severe as she alleged because there was no evidence of "cord compression or nerve root impingement." (Pl. Br. at 11.) This argument mischaracterizes the ALJ's ruling.

Plaintiff's argument initially mischaracterizes the ALJ's determination. She relies heavily on the fact that in the RFC analysis, the ALJ notes that "repeated imaging has shown…no cord compression or nerve root impingement." (R. at 26.) The implication is that the ALJ viewed this fact as dispositive of Plaintiff's symptoms. However, this single sentence is taken out of context from a six-page RFC analysis. In addition to medical imaging and physical examinations (*id.*), the ALJ points to Plaintiff's testimony and actions as inconsistent with her symptoms. (R. at 28–29.) The terms "cord compression" and "nerve root impingement" arise from 20 C.F.R. § 404, Subpt. P, App. 1 as requirements that satisfy Step 3 of the Commissioner's inquiry The ALJ

reiterated this language in the RFC breakdown; not as dispositive evidence (as in Step 3), but as support for her conclusion regarding Plaintiff's work capabilities. Furthermore, Plaintiff's logic implies that upon an assertion of functional limitations, the burden shifts to the ALJ to disprove the claimant. This is not the case. Where the plaintiff asserts a physical impairment, the burden remains on the plaintiff to demonstrate disability through the totality of the evidence. See 20 C.F.R. §§ 404.1512, 416.912; *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Even if the ALJ improperly relied solely on objective medical evidence, it could qualify as a harmless error if the plaintiff did not meet the burden of proof.

Despite the mischaracterization, Plaintiff is correct that the ALJ must establish an accurate and logical bridge between evidence and the conclusion that Plaintiff failed to demonstrate functional deficits. (Pl. Br. At 13.) In doing so, the ALJ cannot dismiss alleged limitations solely on the perceived lack of objective medical evidence. 20 CFR § 404.1529(c)(2). However, as previously detailed, the ALJ provided a meticulous explanation as to why she disagreed with the degree to which degenerative disk disease limited Plaintiff. (R. at 26–28.) Again, in stating that the ALJ does not establish an accurate and logical bridge, Plaintiff does not point to crucial evidence that was overlooked or patently inaccurate conclusions. Rather, she disagrees with the ALJ's determination of which evidence should be granted more weight. It is not for this Court to "reweigh the evidence or substitute our own judgment for that of the ALJ." *Moore*, 743 F.3d at 1121. This argument fails to merit remand.

**(3)     The ALJ Properly Found that Plaintiff's Seizures Do Not Limit Her Functional Activities**

Plaintiff submits that the ALJ improperly concluded that her seizures stemmed from overuse of pain medication, which in turn caused the ALJ to ignore seizure activity in the RFC

analysis. This assertion fails to merit remand.

The ALJ did not need to include Plaintiff's seizure symptoms in the RFC analysis. Alleged symptoms or impairments that do not rise to Step Three requirements (of the Commissioner's inquiry) undergo a two-part test before being included in the RFC. 20 CFR § 404.1529(d)(4). The first step is determining which of the claimant's symptoms are caused by an underlying medically determinable physical (or mental) impairment. *Id*. Any symptoms not caused by medically determinable impairments are not included in the RFC analysis. *Id*. The ALJ pointed to substantial evidence in finding this condition non-medically determinable. (R. at 28.) She also confronted Plaintiff's evidence of possible seizure activity, satisfying the accurate and logical bridge requirement. (*Id*.) Whether the ALJ improperly concluded that Plaintiff's seizures resulted from use of pain medication is immaterial to the symptom's inclusion in the RFC analysis. Therefore, Plaintiff's argument does not present reversible error.

**(4)     The ALJ Properly Evaluated Plaintiff's Mental Impairments.**

Plaintiff argues that the ALJ improperly determined that her depression did not constitute a severe impairment. In the alternative, she contends that the ALJ should have still considered symptoms resulting from her depression in the RFC analysis. Plaintiff's argument fails on multiple counts.

Plaintiff's does not provide grounds for finding her depression to be a severe limitation. For a mental impairment to qualify as severe, Plaintiff must demonstrate "[e]xtreme limitation of one, or marked limitation of two, of the ["Paragraph B" criteria]." 20 C.F.R. § 404, Subpt. P, App. 1. The ALJ found that Plaintiff demonstrated mild limitations in categories one, three and four and no limitations in category two. (R. at 20–21.) Plaintiff primarily challenges the ALJ's

determination of category three – concentrating, persisting, or maintaining pace. (Pl. Br. at 15-17.) In doing so, Plaintiff relies on state agency psychologist testimony that she possessed "moderate" limitations in this category. (*Id*.) Were this court to accept Plaintiff's contention that she was moderately limited in this category, it would not change her depression to a severe limitation. This would not constitute extreme limitation in one category or marked limitation of two categories. Therefore, further analysis of this point is unnecessary.

Moreover, the ALJ did include Plaintiff's mental symptoms in the RFC analysis. Although she did not list each alleged limitation, the ALJ provided for this at the end of her "Paragraph B" analysis. ("Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.") (R. at 22.) To the extent that limitations were not explicitly listed in the RFC ("mildly limited in concentration, persistence, or pace"; "moderately limited in her ability to understand, remember, and carry out detailed instructions"; "moderately limited in her ability to respond appropriately to routine changes in a work setting") (Pl. Br. at 17.), Plaintiff correctly asserts that even mild limitations should be included in the RFC assessment and hypothetical to the VE. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). However, they need not be blindly introduced based on mere allegations. 20 CFR § 404.1529(c)(4). Rather, these limitations are analyzed in the RFC with respect to the entirety of the evidence. *Id*. The ALJ relied on substantial evidence in the "Paragraph B" analysis (of the Commissioner's inquiry) for completely disregarding or minimizing the scope of many of these limitations. (R. at 20-22.) She pointed to normal psychiatric findings on clinical examinations, inconsistent testimony from Plaintiff, and the fact that Plaintiff was not treated for depression at the alleged onset date. (*Id*.) Failing to repeat this evidence in the RFC is at worst a harmless error. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir.

2010) ("[A]n error is harmless…[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record."). Therefore, Plaintiff's argument does not present reversible error.

**(5)     The ALJ Properly Evaluated the Opinions of Plaintiff's Treating Physicians.**

Plaintiff suggests that the RFC assessment was not supported by substantial evidence because the ALJ "failed to articulate good reasons for favoring the opinions of two non-examining State agency reviewing physicians over [plaintiff's] physicians." (Pl. Br. at 18.) Here, Plaintiff is factually incorrect.

The ALJ examined physician opinions pursuant to factors in 20 C.F.R. § 404.1527(c). This section lists such factors as examining relationship, treating relationship, supportability, and consistency as points of analysis. In allocating weight to opinions, the ALJ referenced each of these factors. (R. at 29.) While treating physician opinions generally receive more weight, this is true only if they are both well-supported by medically acceptable diagnostic techniques and consistent with the other substantial evidence of the record. 20 C.F.R. § 404.1527(d); *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). Per the ALJ's report, Dr. Parikh's opinion was inconsistent with the record and was given before the alleged onset date. (R. at 29.). Dr. Akan's opinion directly conflicted normal EEG results and Plaintiff's testimony regarding the seizure activity. (*Id.*). Plaintiff essentially asks for a redetermination of weight given to the physician opinions. However, this Court evaluates the reasons listed for giving source opinions controlling weight, not the amount of weight to afford these opinions. *See Wright v. Commissioner*, No. 1:16-CV-382-TLS, 2018 WL 898117 at *2 (N.D. In. Feb. 15, 2018). The ALJ articulated a logical bridge and supported the decision with substantial evidence. This issue does not merit

remand.

**(6) The ALJ Properly Evaluated Plaintiff's Symptoms.**

Finally, Plaintiff argues on multiple fronts that the ALJ incorrectly weighed evidence in addressing her symptoms. This point does not merit remand.

Here, Plaintiff presents a bevy of arguments concerning specific evidence that the ALJ focused on when analyzing Plaintiff's symptoms. (Pl. Br. at 21-25.) All of these are fruitless. By attacking multiple pieces of evidence referenced by the ALJ, Plaintiff, in fact, defeats her own argument. The multiple references demonstrate that the ALJ did not improperly dismiss Plaintiff's case on a single dispositive point (the defining problem in virtually every case that Plaintiff cites). (Pl. Br. at 22–25.) Rather, the ALJ used a wholistic view of the record to rule on Plaintiff's application. This is consistent with requirements for addressing claimants' subjective symptoms. 20 CFR § 404.1529.

One point requiring attention is the argument that the ALJ's use of the phrase "not entirely consistent" provides the incorrect legal standard. (Pl. Br. 21.) Plaintiff is correct to point out that this is not the legal standard used to evaluate claimants' alleged symptoms. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). The Seventh Circuit has ruled that this boilerplate cannot be used "to reject the testimony of numerous claimants … without linking the conclusory statements contained therein to evidence in the record." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). This case is distinguishable, however, because the ALJ uses "not entirely consistent" as a descriptor as opposed to a legal standard. The correct criterion for evaluation is "reasonably…accept[able] as consistent with objective medical evidence." 20 CFR § 404.1529(a); *see also Lopez v. Berryhill*, 340 F. Supp. 3d 696, 702 (N.D. Ill. 2018); *Minger v.*

*Berryhill*, 307 F. Supp. 3d 865, 871 (N.D. Ill. 2018). Here, the ALJ applied the correct requirement in the same paragraph. ("However, for the reasons given below, the undersigned finds that the claimant's alleged functional deficits *are inconsistent* with the medical evidence and other evidence in the record.") (R. at 26.) Therefore, while Plaintiff notes that "not entirely consistent" is the incorrect legal standard, the correct standard was used in this case.

### E. Conclusion

Plaintiff has not demonstrated reversible error. The ALJ provided substantial evidence and established a logical bridge for her findings. Accordingly, this Court affirms the ALJ's decision.

SO ORDERED on June 3, 2019.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE